**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

NERD SOLUTIONS INC., *et al.*,

    Defendants.

CASE NO. **8:26-cv-00885-JVS-JDE**

**PRELIMINARY INJUNCTION AS TO DEFENDANTS' NERD SOLUTIONS INC., ED REF INC., AND NATALIE RODRIGUEZ [24]**

Plaintiff, the Federal Trade Commission ("FTC"), commenced this civil action on April 13, 2026, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a).  (ECF No. 1.)  On April 14, 2026, on motion by the FTC, the Court entered an *ex parte* temporary restraining order, asset freeze, and other equitable relief ("TRO").  (ECF No. 19.)  On April 23, 2026, the FTC

and Defendant Pablo Ortiz stipulated to the entry of a preliminary injunction as to Defendant Ortiz.  (ECF No. 23.)  On April 27, 2026, the Court held a hearing on an order to show cause why a preliminary injunction should not issue against the other Defendants.

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this District is proper.

B. There is good cause to believe that Enjoined Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, multiple provisions of the FTC's Trade Regulation Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461, and Section 521 of the GLB Act, 15 U.S.C. § 6821and that the FTC is therefore likely to prevail on the merits of the action.  As demonstrated by the consumer declarations, consumer

complaints, and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing that, in numerous instances, Enjoined Defendants have made false, fictitious, fraudulent, and deceptive representations regarding their student loan debt relief services and taken illegal advance fees for those services.  In particular, there is good cause to believe that in numerous instances, in connection with the marketing, telemarketing, and sale of student loan debt relief services, Enjoined Defendants have:

1.  Falsely represented that Consumers who purchase Defendants' Debt Relief Services will receive student loan forgiveness;

2.  Falsely represented that Defendants are, or are affiliated with, the federal government, including specifically the Department of Education, or Consumers' loan servicers;

3.  Failed to disclose, in a clear and conspicuous manner, that their Debt Relief Services—which direct Consumers to stop making timely payments on their student loans—will likely adversely affect Consumers' creditworthiness;

4.  Taken advance fees for Debit Relief Services;

5.  Initiated or caused others to initiate outbound telephone calls that fail to transmit the telephone number and their name to caller identification services in use by recipients of their telemarketing calls;

6.  Initiated or caused others to initiate outbound telephone calls to Persons'

telephone numbers on the National Do Not Call Registry; and

7.  Initiated or caused others to initiate outbound telephone calls to Persons within given area codes without having paid, directly or through another Person, the annual fee required by Section 310.8(c) of the TSR for access to telephone numbers within those area codes that are included in the National Do Not Call Registry.

C.  There is good cause to believe that Enjoined Defendants have taken in net revenues of at least $8.8 million in the three years prior to the FTC's filing of the Complaint as a result of their unlawful practices.

D.  There is good cause to believe that immediate and irreparable harm will result from Enjoined Defendants' ongoing violations of the FTC Act, the TSR, the Impersonation Rule, and the GLB Act unless Enjoined Defendants are restrained and enjoined by order of this Court.

E.  Good cause exists for continuing the freeze over Enjoined Defendants' assets and the disablement of Enjoined Defendants' Internet websites.

F.  Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze and other equitable relief is in the public interest.

G. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

H. No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Consumer**" means any Person.

C. "**Corporate Defendants**" means NERD Solutions Inc. also doing business as New Education Relief, ED REF Inc. also doing business as Edvantage Relief, and each of their subsidiaries, affiliates, successors, and assigns.

D. "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a Person and one or more secured or unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a Person to a secured or unsecured creditor or debt collector.

E. "**Defendants**" means Corporate Defendants, Natalie Rodriguez, and Pablo

Ortiz, individually, collectively, or in any combination.

F. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

G. "**Electronic Data Host**" means any Person in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H. "**Enjoined Defendants**" means Corporate Defendants and Natalie Rodriguez

individually, collectively, or in any combination.

I. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

**ORDER**

**PROHIBITED CONDUCT**

I.   **IT IS THEREFORE ORDERED** that Enjoined Defendants, Enjoined Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A. Misrepresenting, directly or indirectly, expressly or by implication:

1. That Consumers purchasing any Debt Relief Service will receive loan forgiveness;

2. That any Person is, or is affiliated with, a Consumer's creditor or loan servicer;

3. That any Person is, or is affiliated with, the federal government, including but not limited to the U.S. Department of Education; or

    4. Any other fact material to Consumers concerning any Debt Relief Service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B. Charging or receiving money or other valuable consideration for the performance of any Debt Relief Service before such service is fully performed;

C. Failing to disclose, in a clear and conspicuous manner, that any Debt Relief Service that directs Consumers to stop making timely payments to their creditor or loan servicer will likely adversely affect Consumers' creditworthiness;

D. Initiating or causing others to initiate outbound telephone calls that fail to transmit the telephone number and name of the telemarketer or seller to any caller identification service in use by a recipient of a telemarketing call;

E. Initiating or causing others to initiate outbound telephone calls to Persons' telephone numbers on the National Do Not Call Registry;

F. Initiating or causing others to initiate outbound telephone calls to Persons within a given area code without having paid, directly or through another Person, the annual fee required by Section 310.8(c) of the TSR for access

to telephone numbers within that area code that are included in the National Do Not Call Registry; and

G. Making false, fictitious, or fraudulent statements or representations to customers of financial institutions to obtain or attempt to obtain customer information of a financial institution of those customers.

**PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

II.    **IT IS FURTHER ORDERED** that Enjoined Defendants, Enjoined Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any

Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

C. *Provided, however*, that Enjoined Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## ASSET FREEZE

III.   **IT IS FURTHER ORDERED** that Enjoined Defendants, Enjoined Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1. owned or controlled, directly or indirectly, by any Enjoined Defendant;

2.  held, in part or in whole, for the benefit of any Enjoined Defendant;

3.  in the actual or constructive possession of any Enjoined Defendant; or

4.  owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Enjoined Defendant.

B.  Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Enjoined Defendant or subject to access by any Enjoined Defendant;

C.  Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Enjoined Defendant or of which any Enjoined Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Enjoined Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.  Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Enjoined Defendant.

E. The Assets affected by this Section shall include: (1) all Assets of Enjoined Defendants as of the time this Order is entered; and (2) Assets obtained by Enjoined Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any repatriation of foreign Assets specifically required by this order.

**DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

IV. **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person who receives actual notice of this Order (by service or otherwise) that: (a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Enjoined Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Enjoined Defendant; held, in part or in whole, for the benefit of any Enjoined Defendant; in the actual or constructive possession of any Enjoined Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or

other entity that is directly or indirectly owned, managed or controlled by any Enjoined Defendant; (b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has extended credit to any Enjoined Defendant, including through a credit card account, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets; *provided, however*, that this provision does not prohibit Defendant Rodriguez from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B. Deny any Person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Enjoined Defendant,

either individually or jointly, or otherwise subject to access by any Enjoined Defendant;

C. Provide the FTC's counsel, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset, as of the close of business on the day that this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person to whom such account or other Asset was remitted; and

3. The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Enjoined Defendant, or is otherwise subject to access by any Enjoined Defendant; and

D. Upon the request of FTC counsel, promptly provide FTC counsel with copies of all records or other Documents pertaining to any account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit

tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

E. *Provided, however*, that a financial institution does not have to provide the information required in sub-sections C and D if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

F. *Provided, however*, that this Section does not prohibit any repatriation of foreign Assets specifically required by this Order.

## FINANCIAL DISCLOSURES

V. **IT IS FURTHER ORDERED** that each Enjoined Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to FTC counsel:

A. Completed financial statements on the forms attached to the TRO as **Attachment A** (Financial Statement of Individual Defendant) for Defendant Rodriguez, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B. Completed the form attached to the TRO as **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Enjoined Defendant.

C. *Provided*, however, that Enjoined Defendants do not have to provide such financial reports if (1) they have complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

### FOREIGN ASSET REPATRIATION

VI.    **IT IS FURTHER ORDERED** that within five (5) days of service of this Order upon them, each Enjoined Defendant shall:

A. Provided FTC counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Enjoined Defendant; (2) held by any Person for the benefit of any Enjoined Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Enjoined Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Enjoined Defendant;

B. Take all steps necessary to provide FTC counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to

Release of Financial Records appended to the TRO as **Attachment D**;

C. Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Enjoined Defendant; (2) held by any Person for the benefit of any Enjoined Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Enjoined Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Enjoined Defendant; and

D. The same business day as any repatriation, (1) notify FTC counsel of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## NON-INTERFERENCE WITH REPATRIATION

VII.  **IT IS FURTHER ORDERED** that Enjoined Defendants, Enjoined Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Enjoined Defendants' Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Enjoined Defendants' Assets have been fully repatriated pursuant to this Order.

**DISABLEMENT OF INTERNET WEBSITES AND SUSPENSION OF DOMAIN NAMES**

VIII. **IT IS FURTHER ORDERED** that any Internet domain registrar, web hosting company, or any other Person registering domain names or hosting any Internet website for, or on behalf of, any Enjoined Defendant, who receives actual notice of this Order (by service or otherwise), shall:

A. Immediately suspend the registration of any Internet website used by Enjoined Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any Debt Relief Service, or otherwise contains any statement or representations prohibited by Section I of this Order, including but not limited to neweducationrelief.com, newedrelief.org, and edvantagerelief.com;

B. Immediately do whatever is necessary to ensure that any Internet website used by Enjoined Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any Debt Relief Service, or otherwise contains any statement or representations prohibited by Section I of this Order, including but not limited to neweducationrelief.com, newedrelief.org, and edvantagerelief.com, cannot be accessed by the public;

C. Prevent the destruction or erasure of any Internet website used by Enjoined Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any Debt Relief Service, or otherwise contains any statement or representations prohibited by Section I of this Order, including but not limited to neweducationrelief.com, newedrelief.org, and edvantagerelief.com, by preserving such website in

the format in which it is maintained as of the date of service of this Order; and

D. Immediately notify in writing FTC counsel of any other Internet website operated or controlled by any Enjoined Defendant other than neweducationrelief.com, newedrelief.org, and edvantagerelief.com.

**CONSUMER CREDIT REPORTS**

IX.    **IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Enjoined Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

**PRESERVATION OF RECORDS**

X.    **IT IS FURTHER ORDERED** that Enjoined Defendants, Enjoined Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business

-20-

practices, Assets, or business or personal finances of any Enjoined Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Enjoined Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Enjoined Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Enjoined Defendants' incomes, disbursements, transactions, and use of Enjoined Defendants' Assets.

**REPORT OF NEW BUSINESS ACTIVITY**

XI. **IT IS FURTHER ORDERED** that Enjoined Defendants, Enjoined Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing FTC counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees;

and (4) a detailed description of the business entity's intended activities.

## DISTRIBUTION OF ORDER BY DEFENDANTS

XII.  **IT IS FURTHER ORDERED** that Enjoined Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Enjoined Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide the FTC with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such Person who received a copy of the Order. Furthermore, Enjoined Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## COMMENCEMENT OF DISCOVERY

**XIII.** **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 26(d)(1), the parties may seek discovery from any source at any time after entry of this Order.

**SERVICE OF THIS ORDER**

**XIV.** **IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any Enjoined Defendant or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Enjoined Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

**CORRESPONDENCE AND SERVICE ON THE FTC**

**XV.** **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the FTC shall be addressed to

-23-

(1) Gregory Ashe, 600 Pennsylvania Avenue NW, Washington, D.C. 20580, email: gashe@ftc.gov and (2) Sally Tieu, 10990 Wilshire Boulevard, Suite 400, Los Angeles, CA 90024, email: stieu@ftc.gov.

**RETENTION OF JURISDICTION**

**XVI. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

DATED:  April 27, 2026

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE